IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY WINGARD, | Civil Division |
| Plaintiff, | No. 15-1613 |
| v. | Judge Kearney |
| ALLEGHENY COUNTY, Pennsylvania, | |
| Defendant. | JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S "MOTION IN LIMINE NO. 1." [Doc. No. 68]**

**I. Introduction**

This is an action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301-4335. Plaintiff Barry Wingard, a Lt. Colonial in the U.S. Air National Guard, was called to active duty with the U.S. Air Force in July 2008 and remained deployed until September 29, 2013. He has worked for the Allegheny County Public Defender office as a Trial Attorney since 2001.

Wingard alleges *inter alia* that Defendant violated 38 U.S.C. §4316(a) when it failed to afford him all of the seniority and seniority-based benefits he would have attained had he remained continuously employed upon his release from active duty and re-employment with Allegheny County.

Some of the seniority-based benefits Wingard did not receive include: statutorily mandated military leave pay pursuant to 51 Pa.Cons.Stat.Ann. 4102(a)(ii) for the period he was deployed–July 21, 2008 through December 1, 2014; accumulated Sick Leave which was removed from his account when he deployed in 2008 and had accrued during the previous several years; and contributions that Defendant failed to make to his retirement account.

1

Defendant has filed what it designates as a "Motion In Limine 1" [Doc. No. 68] contending that those claims are barred by the statute of limitations. Defendant claims that although USERRA has no statute of limitations, this removal of the statute of limitations occurred October 10, 2008, and therefore the four year statute of limitations set forth in 28 U.S.C. §1658 "applies to all USERRA claims that arise before October 10, 2008." (Def's Motion at ¶4).

Defendant is wrong because the Court applies the law in effect at the time the complaint is filed, unless the claim would have been time barred on October 10, 2008. Defendant's Motion also should be denied because Defendant failed to follow this Court's local rule and also because it brings a substantive issue couched as an evidentiary matter.

## II. Argument

**A.   Defendant's Motion *in Limine* Is Improper and Should Be Denied**.

**1.   Defendant's motion should be summarily denied because it did not first attempt to resolve the issues raised *in limine* as required by Local Rule 16.1(C)(4).**

At the outset, Defendant did not even attempt to comply with Local Rule 16.1(C)(4), and its motion *in limine* should be denied for that fact alone.

Local Rule 16.1(C)(4), requires a good faith attempt to address issues to be raised in motions in limine and, indeed, requires a certification of counsel for the moving party that such an attempt was made. Specifically, the rule provides:

> Before filing a motion in limine, counsel...shall confer with all other counsel...in an effort to reach agreement on the issue to be raised by the motion. In the event an agreement is not reached, the motion in limine shall be accompanied by a certificate of the movant denominated a Motion in Limine Certificate stating that all parties made a reasonable effort to reach agreement on the issue raised by the motion.

LcvR. 16.1(C)(4).

Not only did Defendant fail to file a Motion in Limine Certificate, but it could not have done so because it did not to meet with Wingard's counsel; or even alert Wingard's counsel about the subject of the motion.

Thus, Defendant's violation of Rule 16.1(C)(4) is both substantive as well as procedural. Defendant did not comply with the requirement to meet and confer, and Defendant did not comply with the requirement to file a MIL certificate verifying compliance with the Rule's requirement. Once perhaps could be excused, both should not be. *See Wise v. Washington County*, 2014 WL 1235835 at *1 (W.D. Pa. March 25, 2014)(excusing failure to file MIL Certificate when parties actually met and discussed issues).

The purpose of Local Rule 16.1(C)(4) is to help alleviate the burden on the Court of addressing unnecessary multiple motions in limine, and to narrow the issues for resolution. Here, Defendant did not comply with either the letter of the Rule or the spirit and so its Motion in Limine should be denied for that reason alone.

### 2. Motions in Limine should not be used as substitutes for summary judgment motions.

In addition, Defendant's motion also should be summarily denied because it inappropriately uses this device for an improper purpose.

Discovery in this case ended February 17, 2017. Subsequently, pursuant to the Court's Order, motions for summary judgment were due March 3, 2017. Defendant filed no motion for summary judgment.

Rather, on the eve of trial, Defendant has filed three motions *in limine* seeking rulings on statute of limitations issues, the nature of various remedies sought and on the scope of USERRA provided seniority benefits. [Doc. Nos. 68, 69, 70].

Defendant's Motions *in limine* should be denied because they improperly use an evidentiary procedure to seek summary judgment. Second, Defendants' motions should be denied because granting them would contravene the notice and response protections of both Fed.R.Civ.P. 56(b), and Local Rule LcvR 56(c).

Unlike a summary judgment motion, which is designed to eliminate trial where no genuine issue of fact exists, a motion *in limine* is designed to narrow evidentiary issues for trial and eliminate unnecessary trial interruptions. *Bradley v. Pittsburgh Bd. of Ed.*, 913 F.2d 1064, 1069 (3d Cir. 1990).[1]

Motions *in limine* are inappropriate vehicles to seek a final determination regarding a substantive issue, and should not be used as a substitute for a motion for summary judgment. 21 Wright & Miller, Federal Practice and Procedure § 5037.18 (2d ed. 2016).

At a minimum, Fed.R.Civ.P. 56's and local Rule LCvR 56(c)'s notice and response requirements apply where a motion *in limine* might have a dispositive effect. *Bradley*, 913 F.3d 1069-1070 (reversing district court's grant of summary judgment on basis of a motion *in limine* because non-moving party had not been provided notice, and other procedural protections of Rule 56); *Brobst v. Columbus Services International*, 761 F.2d 148 (3d Cir. 1988)(reversing when district court converted motion *in limine* into summary judgment without Rule 56 procedural protections).

In short, when, as here, a Defendant attempts to use a motion *in limine* as a substitute for summary judgment, a district court must comply with Fed.R.Civ.P. 56, as well as any local rule. *Bradley*, 913 F.2d at 1069-70; *Brobst*, 761 F.2d at 154; *see also Spain v. Gallegos*, 26 F.3d 439, 441

---

[1]Thus, if the moving party is seeking a ruling that goes beyond an evidentiary determination, there is a strong likelihood the motion *in limine* deals with an inappropriate matter. *CMU v. Marvell Technology Group LTD*, 906 F.Supp. 2d 399, 404 (W.D. Pa. 2012); . *Mavrinac v. Emergency Medicine Assoc. of Pittsburgh*, 2007 WL 2908007 at *1 (W.D. Pa. Oct. 2, 2007).

4

n. 1 (3d Cir. 1994)(treating motion *in limine* ruling as summary judgment ruling requiring opportunity to respond as if a formal motion was raised).

As the Third Circuit held, absent a formal motion for summary judgment, an opposing plaintiff is under no formal compulsion to marshall all the evidence to support his claim. *Bradley*, 913 F.3d at 1069; *Cf. Rose v. Battle*, 871 F.2d 331, 342 (3d Cir. 1989)(reversible error to convert motion to dismiss to motion for summary judgment unless court provides notice of its intentions and allows opportunity to submit evidentiary materials).

Defendants' motions are not evidentiary motions at all, but, rather, requests that the Court engage in a complicated factual and legal analysis, without the benefit of a record, and without providing Wingard with the proper opportunity to respond and marshall record evidence.

Thus, the Court should deny Defendant's "Motions *in Limine*" for this reason alone. If the Court considers Defendants' improperly styled "motion in limine," which are nothing more than untimely and improperly supported Motions for Summary Judgment, it should compel Defendants to comply with Rule 56 and Local LcvR 56(B)(1-3).

**B.     Because Wingard's Claims Were Timely On October 10, 2008, The USERRA Amendment Eliminating A Statute of Limitations Applies**

If Defendant's Motion in Limine I is properly before this Court it seeks to preclude Wingard from:

> ✓Presenting evidence of backpay damages for "claimed lack of credit of 15 days per year.[2] (Defendant's Motion at ¶9(1) [Doc. 67]; id [Doc. 68].[3]

---

[2]Under Pennsylvania law, Wingard is entitled to 15 days a year of paid leave for military service. *See* 51 Pa. Cons.Stat.Ann. 4102(a)(ii).

[3]Defendant filed two practically identical Motions in Limine requesting the same relief. One, [Doc. No. 68] however, requests the Court "lift rescind' its Pretrial Order striking Defendant's assertion of the statute of limitations

(continued...)

5

> ✓Claiming he accumulated sick days before 2008. (Def's Motion at ¶9(2) [Doc. 68] and
>
> ✓Claiming unspecified "retirement contribution" for credited pension service hours in 2003-2006. (Def's Motion at ¶9(3). [Doc. 68]

According to Defendant those claims are barred by the applicable USERRA statute of limitations. Defendant acknowledges USERRA has no statute of limitations pursuant to 38 U.S.C. §4327(b). Section 4327(b) was enacted October 10, 2008. Thus, according to Defendant, any USERRA claim that predates October 10, 2008 is subject to 28 U.S.C. §1658's four year statute of limitations, because the Section 4327(b) is not retroactive. (Def's Motion at ¶¶4-6.).

However Defendant's motion should be denied, because even if it is right that Section 4327(b) is not to be applied retroactively, the statute applies to any claim that was not time barred on its effective date. Applying Section 4327(b) to Wingard's claims does not implicate retroactivity concerns because Wingard is not using the newly enacted statute of limitations to revive an expired claim.

As the Supreme Court has noted, changes in procedural rules often are applied to suits arising before their enactment without raising concerns about retroactivity. *Landgraf v. USI Film Products, et. al.*, 511 U.S. 244, 275 (1994).

That is because procedural rules regulate secondary rather than primary conduct. Therefore the fact a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule retroactive. *Landgraf*, 511 U.S. at 275, *citing McBurney v. Carson*, 99 U.S. 567, 569 (1879), and does not implicate the *ex post facto* concerns that caution against applying new

---

³(...continued)
as a defense.

prohibitions to conduct that already has occurred. *Id.*, 511 U.S. at 265 (elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and conform their conduct accordingly).

**1. Statutes of limitations regulate secondary not primary conduct and therefore are applied if in effect at the time the complaint is filed.**

Statutes of limitations are rules of procedure; they bear on the judicial process for enforcing the rights and duties recognized by the substantive law. In other words, they "regulate secondary conduct, *i.e.,* the filing of a suit, not primary conduct, *i.e.,* the actions that gave rise to the suit." *Steven I. v. Cent. Bucks Sch. Dist.*, 618 F.3d 411, 414 (3d Cir.2010).

Statutes of limitation regulate by restricting the time within which a party may institute proceedings after a cause of action accrues. *U.S. v. Studivant*, 529 F.2d 673, 675 (3d Cir.1976); *see also Black's Law Dictionary* 1546 (9th ed.2009) (defining Statute of Limitations as "a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued ...".)

Thus, the fact a new statute of limitations was enacted after the primary conduct giving rise to the suit occurred does not make application of the new statute of limitations unfair from a "retroactivity" standpoint because the secondary conduct governed by the statute of limitations–namely, the filing of a complaint--occurred after its effective date. *Landgraf*, 511 U.S. at 75; *Stephen I.*, 618 F.3d at 414, n. 7.

Because the Section 4327(b) amendment governs Wingard's conduct in filing his claim, ***not Defendant's conduct*** giving rise to the claim, a retroactivity analysis is not even implicated in this lawsuit, which was brought after the Section 4327(b) effective date. *Steven I v. Central Bucks School Dist.*, 618 F.3d 411, 414 (3d Cir. 2010). *Vernon v. Cassadaga Valley Cent. Sch. Dist*, 49 F.3d

7

886, 890 (2nd Cir. 1995)("Retroactivity concerns generally do not bar application of a changed statute of limitations to a complaint filed after the amendment.")

The conduct to which the statute of limitations applies is not the primary conduct of the defendant, but instead the secondary conduct of the plaintiff–the filing of his suit *Forest v. United States Postal Serv.*, 97 F.3d 137, 140 (6th Cir.1996) (finding application of a new statute of limitations is prospective because it applies to the filing of the complaint, which occurred after the statute was enacted); *Smith v. ZENECA, Inc.,* 820 F.Supp. 831, 833 (D.Del.1993), *aff'd* 37 F.3d 1489 (3d Cir. 1994) (Retroactivity not at issue when applying amended statute of limitations where defendant's conduct occurred prior to the amendment, because "[w]hether or not suit has been filed within the statute of limitations is an act of the plaintiff, not the defendant. The only issue is which law applies to plaintiff's acts.").[4]

Thus, retroactivity is not at issue here because it is undisputed Wingard filed his claim after the effective date of the Section 4327(b) elimination of the USERRA statute of limitations.

**2.  Absent revival of an already time-barred action, applying new statutes of limitations merely requires the court to apply the law in effect at the time suit is filed.**

While amended statutes of limitations routinely are applied to cases filed after the effective date of the amendment, regardless of when the primary conduct occurred, the courts have identified retroactivity concerns when a plaintiff attempts to use an amended statute of limitations to resurrect an already time-barred claim. *See i.e. Middleton v. City of Chicago*, 578 F.3d 655. 663 (7th Cir. 2009)

---

[4]*See also Spira v. J.P. Morgan Chase & Co.*, 466 Fed. Appx. 20, 22-23 (2d Cir. Feb. 28, 2012); *Middleton v City of Chicago*, 578 F.3d 655, 663 (7th Cir. 2009).

Courts typically presume a newly extended statute of limitations does not revive a previously barred claim, *Id.*, citing *Hughes Aircraft Co. v. United States ex rel Schumer*, 520 U.S. 939, 950 (1997)(extension of a statute of limitations after the preexisting period of limitations has expired revives a moribund cause of action).

But that does not affect the issue presented here, because any claim by Wingard in this case was not time barred on October 10, 2008, when the USERRA statute of limitations was eliminated. In short Section 4327(b) applies because:

> ✓Wingard was deployed on active duty on July 21, 2008.
>
> ✓His claim for 15 days of paid military leave accrued in 2008, and then again each year it was not paid between then and 2014 when he was returned from leave.
>
> ✓His claimed loss of sick days pre-2008 was timely at the enactment of Section 4327(b), because those benefits accrue and can be banked up to 120 days. (Collective Bargaining Agreement, Art. XII, §6 [Doc. No. 69-1 at pg. 24] .
>
> ✓His claim to recover lost pension benefits while absent from employment for military service does not even accrue until he retires, regardless of whether he knew in advance that the benefits would not be paid. *Leonard v. United Airlines, Inc.*, 972 F.2d 155, 157-58 (7th Cir. 1992).

In all of the claims Defendant attacks, Wingard was not time barred upon enactment of the October 2008 amendments to USERRA and therefore the law in effect at the time he brought his claim controls, and none of them are time barred now.

Courts repeatedly have held that 38 U.S.C. §4327(b) applies to USERRA claims that accrued before the date of its enactment, but had not expired under 28 U.S.C. §1658 by that date. *Cabrera v. Perceptive Software, LLC*, 147 F.Supp. 3d 1247, 1251-52 (D. Kan. 2015)(§4327(b) applies to claims that accrued before Oct. 19, 2008, but had not yet expired by that date); *Richards v. Canyon County,* 2014 WL 51286 at *3 (D. Idaho, 2014)("the enactment of §4327(b) was to

9

preserve a four-year window prior to the date of the enactment for future claims, whenever filed; therefore any claim after October 10, 2004...is timely); *Brill v. AK Steel Corp.*, 2012 WL 893902 at *11 (S.D.Ohio. 2012)(USERRA claims based on actions arising after October 10, 2004 are not time barred); *Goodman v. City of New York*, 2011 WL 4469513 at *6-8 (S.D.N.Y. 2011) (Section 4327(b) applied to USERRA clams that arose within four years before enactment of Section 4327(b); retroactivity concerns of *Middleton* inapplicable to such claim).[5]

Moreover, here, at a minimum any claims of Wingard were tolled during the period he was deployed on active duty pursuant to the Service Members Civil Relief Act, 50 App. U.S.C. §526(a).[6] Thus, any claim that had accrued and was not time barred on July 21 2008 is timely because the period between July 2008 and October 2008 is tolled under the SCRA, and if, because of that tolling, that claim would have been timely on the date of enactment of Section 4327, then it no longer is subject to a statute of limitations.

---

[5]Indeed, even the cases Defendant cites shows Wingard's claims are not time barred. In *Keslosky v. Borough of Old Forge*, 66 F. Supp.3d 592, 620 (M.D. Pa. 2014), the court held that the USERRA claim filed in June 2008, within four years of claim's accrual was timely under the previous statute.. *Keene v. Clark Country School Dist*., 2014 WL 7331750 at *1-2 (D. Nev. 2014), the court found that although the reservist's pre-October 2008 USERRA claims accrued more than four years before he filed them in March 2014, his claims were timely due to tolling of time limits while he served on active duty, by operation of the Servicemembers Civil Relief Act, his active duty could not be counted in computing a limitations period.

[6]The SCRA provides that "[t]he period of a service member's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court...by..the servicemember..." 50 App. U.S.C. §526(a). Military service means active duty. 50 App. U.S.C. §511(2)(A)(I), which is defined as "full-time duty in the active military service of the United States. 10 U.S.C. §101(d)(1). The term period of military service means the date on which a service member enters military service and ending on the date on which the service member is release from military service or dies while in military service. 50 App. U.S.C. §511(3). Wingard's period of active duty from July 21, 2008 through September 29, 2013 when he was discharged, thus constitutes "military service" for the purposes of the SCRA and the statute of limitations on his USERRA claim was tolled during that period of time. Thus, on October 10, 2008, any claim that would have been timely on July 21, 2008 when Wingard entered full time military service would be tolled.

Thus, no statute of limitations bars any of Wingard's claims arising after July 2004. The claims implicated include the payment of the 15 days of statutorily mandated military pay each year, as well as payment of accumulated Sick Leave.

Moreover, as set forth above Wingard's claim for proper retirement contributions clearly is not time barred because it can be brought at any time until he retires, regardless of whether he knew in advance that the benefits caused by the failure to make the contribution would result in lower benefits. *Leonard*, 972 F.2d at 158.

Thus, Defendant's "Motion in Limine I" should be denied substantively, even if it is properly before this Court in the face of Defendant's clear contravention of Local Rule 16.1(C)(4).

> Respectfully submitted,
>
> **Samuel J. Cordes & Associates**
>
> /S/ Samuel J. Cordes
> Samuel J. Cordes
> Pa. I.D. No. 54874
>
> 245 Fort Pitt Boulevard
> Pittsburgh, PA 15222
> (412) 281-7991
>
> Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify on this 27th day of April, 2017 I served a copy of *Plaintiff's Brief in Opposition to Defendant's "Motion in Limine No. 1." [Doc. No. 68]* via electronic mail upon the following:

Virginia Spencer Scott
Allegheny County Department of Law
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
vscott@alleghenycounty.us

/S/ Samuel J. Cordes
Samuel J. Cordes