IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY WINGARD, | Civil Division |
| Plaintiff, | No. 15-1613 |
| v. | Judge Kearney |
| ALLEGHENY COUNTY, Pennsylvania, | |
| Defendant. | JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S "MOTION IN LIMINE 3"**
**[Doc. No. 70]**

**I. Introduction**

This is an action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301-4335. Plaintiff Barry Wingard, a Lt. Colonial in the U.S. Air National Guard, was called to active duty with the U.S. Air Force in 2008 and remained deployed until September 29, 2013. He has worked for the Allegheny County Public Defender office as a Trial Attorney since 2001.

Wingard alleges *inter alia* that Defendant violated 38 U.S.C. §4316(a) when it failed to afford him all of the seniority and seniority-based benefits he would have attained had he remained continuously employed upon his release from active duty and re-employment with Allegheny County.

Defendant has moved in limine for an order limiting the nature and amount of remedies available during and after trial. Motion in Limine 3 [Doc. No. 70]. Captioning its Motion as "No Monetary Award for Non-Monetary Benefits," Defendant implicitly seeks two things.

1

First, citing no authority whatsoever, Defendant claims that Wingard is not entitled to monetary damages for lost retirement contributions, vacation, sick leave, or personal time. (Def's Motion at ¶5 [Doc. No. 70].

Then, parenthetically, Defendant claims the value of those lost benefits restored to Wingard's pension, vacation, Sick Leave or personal time accounts should not be included when calculating lost wages or benefits, and, therefore, are not subject to doubling as liquidated damages. *Cf.* (Def's Motion at ¶5). Again, Defendant offers no authority for its claim, or even really explains why.

To the extent this Court even needs to reach the merits of Defendant's Motion because of the significant procedural shortcomings,[1] Defendant's conclusory argument is simply wrong because it ignores the statutory language of the USERRA remedies provisions, and the nature of Congress's mandate that this Court shall use its full equity powers to vindicate fully the rights or benefits of veterans. 38 U.S.C. §4323(e). [2]

## II. Argument

To enforce the terms of USERRA, Congress has specifically provided the following remedies:

---

[1] Defendant failed to comply with Local Rule 16.1(C)(4), because it did not meet and confer about its motion, and then also failed to include with its motion a certification attesting to such meet and confer obligation. Moreover, Defendant's Motion in Limine 3 is not a Motion in limine at all. It really is an attempt to seek summary judgment without complying with the local Rule 56 requirements. Wingard incorporates by reference the arguments made in his Brief Opposing Defendant's Motion In Limine 1 [Doc. No. 73] as if fully restated and objects to this Motion 3 for the those same reasons.

[2] The 2008 amendments to Section 4323(e) expressly strengthened this provision by encouraging courts to exercise their equity powers to fully vidincate the rights and benefits avaliable under USERRA. Prior to the amendment, §4323(e) stated that courts "may" use their equity powers to accomplish full vindication of a plaintiff's rights and benefits under the act 38 U.S.C. §4323(e)(2006). As amended in 2008, §4323(e) provides that the courts "shall" invoke their equity powers for such purpose "in any case in which the court determines it is approprate. Pub L. 110-389, Title III §315, Oct. 10, 2008, 122 Stat. 4167.

2

> **(d) Remedies.--(1)** In any action under this section, the court may award relief as follows:
>
> **(A)** The court may require the employer to comply with the provisions of this chapter.
>
> **(B)** The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter.
>
> **(C)** The court may require the employer to pay the person an amount *equal to* the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.
>
> **(2)(A)** Any compensation awarded under subparagraph (B) or (C) of paragraph (1) shall be in addition to, and shall not diminish, any of the other rights and benefits provided for under this chapter.
>
> **(3)** A State shall be subject to the same remedies, including prejudgment interest, as may be imposed upon any private employer under this section.
>
> **(e) Equity powers.**--The court shall use, in any case in which the court determines it is appropriate, its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter.

38 U.S.C.§ 4323(d)-(e)(emphasis added).

Those provisions are to be construed liberally for the benefit of those who left private life to serve their country in its hour of need. *King v. St. Vincent's Hospital*, 502 U.S. 215, 221 n. 9 (1991); *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 284 (1946).

Defendant's claim that no monetary damages are available for lost vacation time, sick leave, or personal leave time simply ignores the pertinent statutory language.

Under USERRA, a returning veteran is entitled to both pay, seniority and employee benefits, but also all of the "rights and benefits" of the employment. These terms are defined at 38 U.S.C. §4303(2) as follows:

> (2) The term "benefit", "benefit of employment", or "rights and benefits" means any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. §4303(2).

Thus, it is clear from this language that the "rights and benefits" of employment are not limited to wages, but also include vacation, sick leave, personal days, and all other rights which the employer provides for eligible employees. Those benefits of employment are to be viewed expansively. *See Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484 (Fed. Cir. 1998)("Benefits" under USERRA are to be construed expansively and included both monetary and non-monetary items that can be liquidated); *Fernandez v. Department of Army*, 84 M.S.P.R. 550, 553 (M.S.P.B. 1999)(Living quarters allowance are benefit of employment).

### A.     **Wingard is entitled to monetary damages for lost benefits**

Defendant does not really appear to dispute that Wingard would be eligible for vacation, sick leave, personal leave or pension benefits as a remedy under 38 U.S.C. §4323(d)(1)(B).[3]

However, Defendant appears to claim Wingard is not entitled to damages for those lost benefits, other than an order mandating that they be placed back in the vacation, and sick leave bank, and a similar order mandating that Defendant make appropriate contributions to Wingard's pension plan account.

---

[3] Indeed, 38 U.S.C §4318(b)(1) expressly provides that an employer reemploying a person under USERRA shall be liable to an employee pension benefit plan for funding any obligation of the plan to provide pension benefits and shall allocate the amount of any employer contribution for the person in the same manner and to the same extent the allocation occurs for other employees during the period of service.

But, while this Court's equitable powers under 38 U.S.C. 4323(e) clearly support an order requiring Defendant to grant Wingard such pension credit for time away from the job for military service, and to restore all other benefits of employment, the USERRA remedies also provide compensation for any loss of benefits suffered by a violation. See 38 U.S.C. §4323(d)(2)(A)(any compensation awarded under 4323(d)(1)(B) is in addition to and not diminish any other rights and benefits under USERRA).

Thus, the proper remedy in Wingard's situation would either be an order mandating that his vacation, sick leave, personal leave and pension accounts be restored to reflect what they would have been had he not have been on active military service from July 2008 through December 1, 2014, or damages for the value of those lost benefits.

While no court has expressly addressed under USERRA whether that restoration can be in the form of monetary damage for the lost use of vacation days, sick leave or pension benefits, or whether the proper method is an equitable order mandating that the lost leave time be placed into Wingard's account for future use, courts have awarded the value of such benefits in addition to an order mandating restoration. *See i.e. Wriggelsworth v. Brumbaugh*, 129 F. Supp.2d 1106, 1109-1110, *id*. at 1112 (S.D. Mich. 2001)(ordering credit for sick leave time and vacation, and pension, and also liquidating various clothing allowance benefits).

**B.  The Value of Lost Wages and Benefits Are Used to Determine The Amount of Liquidated damages**

While the method of restoring Wingard's lost employee benefits is just a matter of how to accomplish the remedial purpose of USERRA, the more interesting question is what effect that has on the amount of liquidated damages to be awarded.

5

Without explaining why, Defendant concludes that restoration of Wingard's pension, sick leave, vacation and personal time accounts would not be part of the lost wages or benefits subjected to doubling under 38 U.S.C. §4323(d)(1)(C).

Again, Defendant offers no authority and reaches its conclusion without even a cursory look at the statutory language and purpose of liquidated damages.

Section 4323(d)(1)(C) provides, upon a finding of willfulness, that the court may require Defendant to pay Wingard **"*an amount equal to*"** the amount referred to in 38 U.S.C. §4323(d)(1)(B) as liquidated damages. (emphasis added)

Thus, the doubling amount for liquidated damages purposes is not the amount of lost wages or benefits awarded, under §4323(d)(1)(B), but, rather *an amount equal to* Wingard's lost wages or benefits.[4]

Defendant here argues, in a cursory fashion, that pension, vacation, and sick leave benefits that it would restore are not include able as a lost wage or benefit subject to doubling.

Defendant does not argue that pension fund contributions, or vacation bank contributions or sick leave restoration are not job related benefits, as that term is defined by 38 U.S.C. 4303(2).

---

[4]Courts have noted and recognized the difference between a statute that provides for a specific item–lost wages or benefits–and one which provides for damages of "an amount equal to" those items. In such a circumstance, a jury award does not and cannot represent lost wages, or lost benefits, but, rather awards damages in an amount equal to the value of those lost wages or benefits. *See Churchill v. Star Enterprises*, 3 F. Supp. 2d 622, 624 (E.D. Pa. 1998). The phraseology of 'equal to the amount of' included in the damages provision of the USERRA is similar to that used in the FMLA, and they are themselves unique as compared with other employment discrimination statutes." *Longstreth v. Copple,* 101 F.Supp.2d 776, 780 (N.D.Iowa 2000). Reading the term 'an amount equal to the amount of loss of wages or benefits" shows an amount of damages "equal to" the sum of various components, including lost wages, and/or lost benefits. *See Carr v. Fresenius Med. Care,* 2006 WL 1339970, at *2 (E.D. Pa. May 16, 2006); *Gunter v. Cambridge-Lee Industries, LLC*, 2016 WL 3762992 at *2 (E.D. Pa. July 14, 2016).

Therefore, an "amount equal to" the value of those benefits should be included in the amount which is within the reach of USERRA's wage or benefit definition used to calculate liquidated damages under §4323(d)(1)(C).

In *Kossman v. Calumet County*, 849 F.2d 1027 (7th Cir. 1988), an ADEA case, the Seventh Circuit held that the value of ordered pension plan contributions, and health insurance benefits were properly included in the definition of lost wages subject to doubling under the ADEA's liquidated damages provision, 29 U.S.C. §626(b).

In *Kossman*, the district court ordered the defendant to restore lost contributions to its pension plan on behalf of the plaintiffs who were discharged in violation of the ADEA. It also ordered the defendant to repay lost health care premiums to its insurance providers on behalf of the plaintiffs. *Id.*, 849 F.2d at 1032. The court then used the value of those contributions when determining the wages used in the liquidated damages calculation.

The *Kossman* defendant argued the district court's use of those contributions for the purpose of liquidated damage calculation was error. The Seventh Circuit disagreed.

Because the pension contributions and health insurance premiums restored into the plaintiff's accounts were within the reach of the ADEA's definition of the amount subjected to doubling under its liquidated damages statute, they were properly used in calculating those damages. *Id.*, 849 F.2d at 1032-33.

Here, the same result should occur.

Upon a finding of liability, Defendant will at least be required to repay Wingard's retirement fund so that his current account status would be the same as if he had been continuously employed, while away on military service. 38 U.S.C. §4318(b)(1). Likewise, Defendant will be required to

restore Wingard's vacation, sick leave and personal leave bank to the position it would be in had he remained on the job and not deployed with the Air Force.

Pension, vacations, sick leave and personal leave are clearly encompassed within the meaning of benefits set forth in 38 U.S.C. 4303(2). Section 4323(d)(1)(B) provides for an award of lost wages or benefits. Section 4323(d)(1)(C) provides for liquidated damages in "an amount equal" to the loss of wages or benefits.

Section 4323(d)(1)(B) provides a remedy for economic loss sustained because an employer contravenes USERRA's obligations to restore a veteran to his or her rightful position following service to the nation. It is economically irrelevant whether Defendant had paid Wingard $5 an hour extra and then Wingard had used the money to take vacation, fund his own pension, or take time off without pay during the year, or whether, instead, Defendant offered vacation, pension or sick leave as a fringe benefit.

The benefits, like the wages, are Wingard's asset, and that is what 38 U.S.C. §4323(d)(1)(B) redresses–the loss of the economic value of the wages or benefits Wingard suffered.

What is economically important is not whether Defendant pays the benefits directly to Wingard, or–either voluntarily or through Court order–passes those benefits to Wingard through an intermediary like the Allegheny County Pension Board, or a sick leave bank, but whether Wingard is put in the same position he would have occupied had his rights been respected.

That restoration is what §4323(d)(1)(B) advances, and the liquidated damages provisions, use the "amount equal" to that economic restoration as the predicate for doubling upon a finding of willfulness.

Therefore, the value of pension, vacations, sick leave and personal leave are "amounts equal to" lost benefits, which are within the reach of USERRA's benefit definition used to calculate liquidated damages. *See Kossman*, 849 F.2d at 1033; *see also Fariss v. Lynchburg Foundry*, 769 F.2d 958, 964-67 (4th Cir. 1985)(specifically including life insurance premiums in its calculation of pecuniary damages subject to doubling).

Because the value of restoration of Wingard's pension, vacation and sick leave accounts is within the meaning of wages and benefits recoverable under §4323(d)(1)B) such value is properly subject to doubling as liquidated damages and Defendant's "Motion In Limine" should be denied.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa. I.D. No. 54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify on this 27th day of April, 2017 I served a copy of ***Plaintiff's Brief in Opposition to Defendant's "Motion in Limine 3" [Doc. No. 70]*** via electronic mail upon the following:

>Virginia Spencer Scott
>Allegheny County Department of Law
>300 Fort Pitt Commons Building
>445 Fort Pitt Boulevard
>Pittsburgh, PA 15219
>vscott@alleghenycounty.us

/S/ Samuel J. Cordes
Samuel J. Cordes