IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BARRY WINGARD | : | CIVIL ACTION |
|---|---|---|
| v. | : : : | NO. 15-1613 |
| ALLEGHENY COUNTY | : | |

### ORDER-MEMORANDUM

**AND NOW**, this 3rd day of May 2017, upon consideration of Defendant's Motion in *limine* (no claims for non-seniority benefits) (ECF Doc. No. 69), and Plaintiff's Response (ECF Doc. No. 74), it is **ORDERED** Defendant's Motion (ECF Doc. No. 69) is **DENIED**.

### *Analysis*

In July 2008, Mr. Wingard left his employment as a lawyer with Allegheny County's Office of the Public Defender to serve in the United States military. Mr. Wingard alleges when he returned from service in September 2013, he asked the County to re-employ him as a Defender. Mr. Wingard alleges the County refused to re-employ him until December 2014 when it initially re-employed him at the correct seniority level which counted his years of military service but then demoted him in December 2015.

Mr. Wingard alleges the County violated the Uniformed Services Employment and Reemployment Rights Act of 1994 by: (1) failing to re-employ him when he requested re-employment in September 2013; and, (2) demoting him from his correct seniority level in December 2015. In addition to being reinstated at a higher seniority level, Mr. Wingard seeks wages for the vacation, sick, and personal time he did not receive when the County: (1) did not reemploy him from September 2013-December 2014; and, (2) incorrectly reduced his seniority

in December 2015 to the present. The County now moves *in limine* to preclude evidence of lost wages for the vacation, sick and personal time.

The Uniformed Services Employment and Reemployment Rights Act of 1994 requires an employer re-hire returning service members and provide the returning service member "the additional seniority and rights and benefits that such person would have attained if the person had *remained continuously employed.*"[1] The Supreme Court, reviewing an earlier iteration of the Act, describes its purpose "to preserve for the retuning veterans the rights and benefits which would have automatically accrued to them had they remained in private employment rather than responding to the call of their country."[2]

Mr. Wingard requests personal days, sick time and vacation benefits for the time before the County re-hired him and at the higher seniority level after December 2015. The County argues Mr. Wingard is not entitled to recover benefits which are not based on seniority, including its belief vacation and sick leave are not seniority-based under its Collective Bargaining Agreement. The County argues these benefits are compensation for work performed not based on seniority.

Under the Agreement: (1) for personal days, an employee may select three work days; (2) for vacation, all permanent eligible employees "shall be entitled to paid vacation" based on their years employed; and, (3) for sick leave, all permanent eligible employees "shall receive" ten days of paid sick leave.[3] The Agreement requires an eligible employee "must have received earnings or earnings and compensable disability credited to thirteen pay periods in the previous

---

[1] 38 U.S.C. § 4316(a).

[2] *Accardi v. Pennsylvania R.R. Co.*, 383 U.S. 225, 229-30 (1966).

[3] ECF Doc. No. 69-1 at 19-21.

2

year."[4] The Agreement also defines seniority "as the length of continuous service an employee has with the county, and *shall apply for pension and vacation purposes only*....Seniority shall accumulate during absences due to illness, layoff or leave of absence..."[5]

The Act requires Mr. Wingard be afforded "the additional seniority and rights and benefits that such person would have attained if the person had *remained continuously employed*."[6] The County's argument runs contrary to the unambiguous language of § 4316(a) of the Act. Had Mr. Wingard *remained continuously employed* from July 2008-2009, he would have received earnings for the thirteen previous pay periods for seniority for 2009-2010, and then had he *remained continuously employed* from July 2009-2010 he would have received earnings for the thirteen previous pay periods for seniority for 2010-2011 and so on up to his re-hire date in November 2014.

In *Foster v. Dravo Corp*, the Supreme Court distinguished when vacation time is considered a seniority benefit and when it is considered compensation for actual work performed under an earlier iteration of the Act.[7] In *Foster*, the employee worked 22 weeks of 1965, 52 weeks of 1966, and 7 weeks of 1967 before leaving to serve.[8] The employee served for the remainder of 1967 and the first 8 months of 1968.[9] The employee returned to work in September

---

[4] *Id.* at 20-21.

[5] *Id.* at 11.

[6] 38 U.S.C. § 4316(a).

[7] 420 U.S. 92 (1975).

[8] *Id.* at 94.

[9] *Id.*

3

1968 and worked the final 13 weeks of 1968.[10] The employer denied him vacation benefits for 1967 and 1968 because he did not work a minimum of 25 weeks as required by the employer.[11] The employee alleged he should receive credit for the full vacation benefits in 1967 and 1968 while he served in the military because he would have earned vacation had he remained employed.[12]

The Supreme Court analyzed if the employer has a "work requirement" to earn the benefit in question it tends to show the benefit is a form of short-term compensation and not based on seniority.[13] The Court also held the employer's "work requirement may be so insubstantial that it appears plainly designed to measure time on the payroll rather than hours on the job; in that event, the Act requires that the benefit be granted to returning veterans."[14] In *Foster*, the Supreme Court held the employer's vacation benefit is a form of short-term compensation not covered by the Act because employees must work 25 weeks to receive it but can earn more vacation through overtime and an employee who works less than 25 weeks will receive pro-rata vacation based on actual service.[15]

Mr. Wingard's Collective Bargaining Agreement ties seniority to "vacation purposes" and not to hours worked by the employee.[16] Unlike *Foster*, Mr. Wingard cannot earn more

---

[10] *Id.*

[11] *Id.* at 95.

[12] *Id.*

[13] *Id.* at 99.

[14] *Id.*

[15] *Id.*

[16] ECF Doc. No. 69-1 at 11.

4

vacation by working more and does not have to work a requisite amount of weeks in a calendar year to receive vacation that year.[17] Instead, his vacation increases the following year simply by his presence in the payroll for the previous year. The Agreement also allows seniority to "accumulate during…leave of absence" further showing vacation is based on time served, not actual hours worked.[18] The County asks us to hold an employee on a leave of absence can accrue seniority and vacation even if they are not present in the office working, but a person on a leave of absence while serving in the military cannot accrue seniority because they are not present in the office working.

We disagree and find the County's requirement of earning for 13 previous pay periods is "so insubstantial that it appears plainly designed to measure time on the payroll rather than hours on the job; in that event, the Act requires that the benefit be granted to returning veterans."[19]

_____
KEARNEY, J.

---

[17] *Foster*, 420 U.S. at 100.

[18] ECF Doc. No. 69-1 at 11.

[19] *Foster*, 420 U.S. at 99.