IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY WINGARD | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 15-1613 |
| ALLEGHENY COUNTY | : |

## ORDER-MEMORANDUM

**AND NOW**, this 3rd day of May 2017, upon consideration of Defendant's Motion in *limine* under 28 U.S.C § 1658 (statute of limitations) (ECF Doc. No. 67), Defendant's nearly identical second motion in *limine* under 28 U.S.C. § 1658 (ECF Doc. No. 68), and Plaintiff's Response (ECF Doc. No. 73), it is **ORDERED** Defendant's Motions (ECF Doc. Nos. 67, 68) are **DENIED**.

*Analysis*

In its Answer, Allegheny County raised the affirmative defense of statute of limitations. On December 5, 2016, during our telephone conference with counsel, we discussed the County's affirmative defenses, including the statute of limitations. In our December 5, 2016 Scheduling Order, we struck the County's statute of limitations defense without prejudice.[1] The County did not amend its Answer and did not seek summary judgment.

The County now asks us to limit requested damages by statutory interpretation without a factual record through a motion in *limine*. The purpose of a motion in *limine* is "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."[2] In *Emcore*, the

---

[1] ECF Doc. No. 52.

[2] *Emcore Corp. v. Optium Corp.*, No. 07-326, 2009 WL 3381809 at *1 (W.D. Pa. Oct. 16, 2009) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir.1990) (internal

court denied the party's motion in *limine* because it "does not involve evidentiary rulings, or any other type of issue usually considered on an *in limine* basis."[3] Our Court of Appeals held we cannot decide to "bypass[] the process established by Fed. R. Civ. P. 56" which requires notice to Mr. Wingard of the County's material facts and an opportunity to dispute them by resolving these issues as a motion in *limine*.[4]

The affirmative defense of statute of limitations should be raised "as early as reasonably possible."[5] We note of the six cases the County relies on for support, three were decided at motion to dismiss and three at summary judgment. The County wants to exclude portions of Mr. Wingard's claim less than two months before trial and without a factual record. The County asks us to "preclude...any claims" barred by the statute of limitations and gives us "examples as found in [Mr. Wingard]'s Pretrial Memorandum."[6] We cannot, without prejudice to Mr. Wingard, decide whether the statute of limitations bars some of Mr. Wingard's claims without knowing the undisputed (or disputed) facts supporting the claims.

We deny the County's motion in *limine* to exclude evidence based on the affirmative defense of statute of limitations because it is not a narrow evidentiary issue but an issue which requires a fulsome factual and legal record which the County elected not to seek through a

---

citations omitted)).

[3] *Id.* (citing *Bradley*, 913 F.2d at 1069).

[4] *Bradley*, 913 F.2d at 1069.

[5] *Robinson v. Johnson*, 313 F.3d 128, 135-36 (3d Cir. 2002) (holding the statute of limitations defense "does not necessarily have to be raised in the answer" but it cannot be raised at any time).

[6] ECF Doc. No. 68 at 2.

2

summary judgment motion. We cannot decide this Motion on this limited record but, if warranted, Defendant may seek dismissal based on the factual record following presentation of evidence under Rule 50.

KEARNEY, J.